[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The parties were married September 5, 1983 in New York. By complaint dated March 2, 1999, the Wife instituted this action claiming a dissolution of marriage, sole custody of the minor children, alimony, child support, a fair division of the property and debts and other relief CT Page 3329 as Law and equity night provide.
Two minor children were born issue of this marriage: Jordan, born September 6, 1988 and Rachel, born February 14, 1991.
The Wife is age 41, in fair health, with back problems and claiming to be suffering from depression.
The Husband is age 43 and in good health.
The Court finds that residence requirements have been satisfied and neither party has been the recipient of public assistance.
The court finds that both parties are equally responsible for the breakdown of the marriage.
The parties were able to reach agreement regarding the following issues which are set forth as orders of this court:
1. DISSOLUTION OF MARRIAGE
A decree dissolving the marriage on the grounds of irretrievable breakdown shall enter on March 7, 2001.
2. CUSTODY/VISITATION
The Wife and the Husband shall have joint legal custody of the two minor children. The Wife shall be the primary residential parent. The Husband shall have the right of liberal, reasonable and flexible visitation.
3. CHILD SUPPORT
The Husband shall pay to the Wife the sum of $310.00 per week as child support for the two children, said sum being in compliance with the Child Support Guidelines, based upon the finding of this court that the Wife has an earning capacity of $25,000.00 per year. A contingent income withholding shall enter, by agreement of the parties.
The obligations of support and maintenance of the minor children shall terminate as each such child attains the age of eighteen (18) years, marries, dies, becomes employed full time being no longer enrolled in high school, or ceases to reside with the Wife under circumstances where the Wife is no longer furnishing the child's support or becomes otherwise emancipated, which ever occurs first. CT Page 3330
Notwithstanding that a child has reached the age of eighteen (18) years, if the child is a full time high school student and continues to reside with the Wife, the Husband shall continue to pay child support as specified above, until the child completes the twelfth (12) grade or attains the age of nineteen (19) years, whichever occurs first.
The Wife shall claim the older child as a tax exemption for Federal Income Tax purposes and the Husband shall claim the younger child as a tax exemption for Federal Income Tax purposes.
4. MEDICAL INSURANCE AND UNREIMBURSED MEDICALS — CHILDREN
The Husband shall maintain, at his sole expense, the present medical/dental insurance for the children as long as he is obligated to pay child support for said child.
Pursuant to the Child Support Guidelines, the Husband shall pay 55% of the unreimbursed medical/dental expenses of the minor children as long as he is obligated to pay child support for said child and the Wife shall pay 45% of same.
The Wife shall not contract for any extraordinary expenses for the children without first consulting with the Husband except in case of emergencies.
The provisions of 46b-84 (e) shall apply.
5. MEDICAL INSURANCE — WIFE
The Wife shall be responsible for the costs of her own medical insurance coverage. The Husband shall cooperate in obtaining COBRA benefits for the Wife if available through his employment.
6. LIFE INSURANCE
For so long as he is obligated to pay child support, the Husband shall name the minor children as beneficiaries of $50,000.00 each on a life insurance policy in the amount of $100,000.00. The husband shall provide proof to the Wife of said policy annually.
7. REAL PROPERTY
Within seven days of the date of this dissolution, the Husband shall quit claim to the Wife all the Husband's right, title and interest in and to the marital residence known as 2 Bayberry Hill Road, Bethel, Connecticut. The Wife shall be responsible for the mortgage, real estate CT Page 3331 taxes, insurance and repairs and all other costs associated with the marital residence and the Wife shall indemnify and hold the Husband harmless in regards to the same. The Husband shall pay the March, 2001 monthly mortgage payment.
8. HUSBAND'S STOCK OPTIONS
The Husband shall retain his stock options in ERS International free and clear of any claims by the Wife.
9. MOTOR VEHICLES
The parties shall be entitled to their respective motor vehicles as stated on their financial affidavits.
As to the remaining issues which the parties presented for the court's determination, all pertinent criteria outlined in Chapter 815j of the General Statutes were considered by the court in the entry of the following orders as well as the evidence, testimony and claims of law made by the parties:
A. ALIMONY
The Husband shall pay to the Wife alimony of $200.00 per week for a period of seven (7) years from the date of the dissolution, non-modifiable as to term unless the Wife dies, remarries, or cohabitates as defined by statute. Said amount of alimony is predicated on the finding of this court that the Wife has an earning capacity of $25,000.00 per year.
B. PERSONAL PROPERTY
The Wife shall retain ownership of the lawn tractor. The Wife shall return to the Husband the Husband's wedding band within seven (7) days from the date of this dissolution.
C. DIVISION OF DEBTS
Except as otherwise provided herein, the Husband shall be responsible for the debts on his financial affidavit and the Wife shall be responsible for the debts on her financial affidavit.
D. ATTORNEY FEES
The parties shall each be solely responsible for their own attorney fees
E. TAX RETURNS
CT Page 3332
The parties shall file separate tax returns for the year 2001 and thereafter. If the parties file separately for year 2000, each party shall retain their own refund checks, if any. If the parties file jointly for the tax year 2000, any refund shall be prorated between the parties based upon their respective incomes.
F. HUSBAND'S 401K PENSION PLAN
The Husband shall retain his 401K pension plan as listed on his financial affidavit free and clear of any claims by the Wife. The Husband shall be solely responsible for the repayment of the loan taken out against his 401K pension plan in the amount of $2,500.00.
G. PRIVATE SCHOOL TUITION FOR SON
The parties shall be equally responsible for the cost of their son's private school tuition.
H. MISCELLANEOUS
Each party shall sign any necessary documents to effectuate e orders contained herein.
FRANKEL, J.